IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03114-BNB

MICHAEL TODD RICKS-BEY,

Applicant,

v.

ARVIL CHAPMAN, Warden of CCA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2011

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Michael Todd Ricks-Bey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Ricks-Bey initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.

On January 14, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On January 31, 2011, Respondents filed their pre-answer response. On February 8, 2011, Mr. Ricks-Bey filed a combination reply to the pre-answer response and motion to amend the § 2254 application.

The Court must construe Mr. Ricks-Bey's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Ricks-Bey currently is in DOC custody on judgments of conviction imposed by the Douglas County District Court in Case No. 04CR383 and by the Denver District Court in Case No. 05CR3189. However, he is not attacking those convictions. Instead, he is attacking a state court decision in Jefferson County District Court in Case No. 06JA136, together with related appeals in Colorado Court of Appeals Case Nos. 07CA1033 and 09CA0199, in which his parental rights were terminated.

In Douglas County District Court Case No. 04CR383, Mr. Ricks-Bey pleaded guilty to sexual assault - victim incapable, a felony, and to unlawful sexual contact, a misdemeanor. He was sentenced to an indeterminate prison sentence of twenty years to life on the felony conviction and to a concurrent two-year jail sentence on the misdemeanor conviction.

In Denver District Court Case No. 05CR3189, Mr. Ricks-Bey pleaded guilty to impersonating a peace officer, a felony, and pandering - induce by menacing, also a felony. He was sentenced to prison terms of four and three years respectively, which were to be served concurrently with each other and with his sentence in the Douglas County case.

In Jefferson County Case No. 06JA136, the stepfather of Mr. Ricks-Bey's daughter filed a petition for adoption of Mr. Ricks-Bey's daughter. The trial court

granted the petition to terminate and adopt. In Colorado Court of Appeals Case No. 07CA1033, the state appeals court remanded the case for the trial court to reconsider its order denying Mr. Ricks-Bey's request for appointment of counsel. Following remand, Mr. Ricks-Bey again appealed. In Colorado Court of Appeals Case No. 09CA0199, the state appeals court affirmed the trial court's order. On June 7, 2010, the Colorado Supreme Court denied certiorari review.

On December 22, 2010, Mr. Ricks-Bey filed his habeas corpus application asserting the following claims:

> 1. The state district court lacked subject matter jurisdiction to terminate Applicant's parental rights.
>
> 2. The state district court erred by refusing to appoint counsel and an expert witness in the parental rights termination proceedings.
>
> 3. The state district court violated the United States Treaty with Moorish Nations.

Through the instant action, Mr. Ricks-Bey seeks to reverse the order to terminate and adopt. Mr. Ricks-Bey's claims fail to invoke the jurisdiction of this Court under § 2254. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Here, although Mr. Ricks-Bey is in custody pursuant to the judgments of a state court, he does not allege that this custody violates the United States Constitution. Rather, he seeks to challenge the state court order terminating his parental rights. However, "section 2254 does not confer jurisdiction on federal courts to review state

3

court judgments involuntarily terminating parental rights." **Anderson v. Colorado**, 793 F.2d 262, 263 (10th Cir. 1986) (citing **Lehman v. Lycoming County Children's Servs. Agency**, 458 U.S. 502, 516 (1982)).

Assuming, arguendo, the application may be construed liberally as raising a claim under such federal authority as 42 U.S.C. § 1983, "[i]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review." **Anderson**, 793 F.2d at 263 (citing **Rooker v. Fidelity Trust Co.**, 263 U.S. 413 (1923)); **District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 486 (1983) (federal courts, other than the United States Supreme Court lack jurisdiction to adjudicate claims seeking review of state court judgments); see also **Lance v. Dennis**, 546 U.S. 459, 460 (2006) ("The **Rooker-Feldman** doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'") (quoting **Exxon Mobil Corp. v. Saudi Basic Industr. Corp.**, 544 U.S. 280, 284 (2005)).

Therefore, the Court lacks jurisdiction under § 2254(a) and, to the extent Mr. Ricks-Bey is asking this Court to reverse the order to terminate and adopt, the Court lacks subject matter jurisdiction pursuant to the **Rooker-Feldman** doctrine. See **Van Sickle v. Holloway**, 791 F.2d 1431, 1436 (10th Cir. 1986).

Accordingly, it is

ORDERED that the motion to correct and cure deficiency (docket no. 4) is granted. It is

FURTHER ORDERED that the motion to amend (docket no. 10) is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction under 28 U.S.C. § 2254(a) and for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. It is

ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (docket no. 2) is denied as moot because Mr. Ricks-Bey paid the $5.00 habeas corpus filing fee. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __16th__ day of ___March___, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   10-cv-03114-BNB

Michael T. Ricks-Bey
Prisoner No. 128060
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John J. Fuerst, III, Assistant Attorney General
Colorado Attorney General's Office
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on March 16, 2011.

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                              Deputy Clerk